1085.003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

C.M. Lavoie & Associates, Inc.,
            Plaintiff,

            v.                                    No.:

Michael Cook, Cook Engineering
Group, P.C., an Illinois Corporation,
and Kiley Development LLC d/b/a
Kiley Capital, LLC,

            Defendants.

## VERIFIED COMPLAINT

NOW COMES the Plaintiff, C.M. Lavoie & Associates, Inc., by and through

its attorneys, EklWilliams LLC, and complaining of the Defendants, Michael Cook,

Cook Engineering Group, P.C., an Illinois Professional Corporation, and Kiley

Development LLC, an Illinois Limited Liability Corporation d/b/a Kiley Capital,

LLC, upon information and belief, states as follows:

### INTRODUCTION

1.      This matter is brought seeking equitable and legal relief to remedy the

Defendants' individual, contributory and/or joint infringement of the Plaintiff's

Copyrights and Trademark in engineering drawings and schematics previously

authored and created by the Plaintiff in connection with McKenzie Falls

Subdivision f/k/a Cypress Creek I Senior Housing Development, an ongoing real

estate development project located in Bolingbrook, Will County, Illinois, and for

state law claims related thereto, including, Tortious Interference / Unfair Competition, Slander on Title, Trade Secrets Violation, Conversion, Breach of Contract and Indemnity.

2.     This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. §1331, 28 U.S.C. §1338(a), 15 U.S.C. §1125 and 17 U.S.C. §101, et seq., and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a). Venue is appropriate in this District pursuant to 28 U.S.C. §1391(b) and §1400(a), because the Plaintiff and the Defendants, Michael Cook, Cook Engineering Group, P.C., and Kiley Development, LLC, reside or have offices in this District, and the events at issue in this suit occurred in this District.

### THE PARTIES

3.     The Plaintiff, C.M. Lavoie & Associates, Inc. (hereinafter "CML"), at all times relevant herein has been duly incorporated under the laws of the State of Illinois operating as a civil engineering, land planning and surveying concern doing business in the County of Will, State of Illinois.

4.     On and prior to October 8, 2009, the Defendant, Michael Cook, was an individual who resided in the County of Will, State of Illinois, and was employed as a Senior Project Manager by CML.

5.     Since June 18, 2008, the Defendant, Cook Engineering Group, P.C. (hereinafter "CEG"), was a duly formed Professional Corporation under the laws of the State of Illinois and was wholly owned and solely operated by the Defendant, Michael Cook.

6.    At all times relevant hereto, and at least since February 26, 2009, the Defendant, Kiley Development LLC d/b/a Kiley Capital, LLC (hereinafter "Kiley Capital"), was a duly formed Limited Liability Corporation under the laws of the State of Illinois, and owned and/or acted as General Contractor for McKenzie Falls, the multi-unit residential real estate development project formerly known as Cypress Creek I, in the Village of Bolingbrook, County of Will, State of Illinois.

FACTS COMMON TO ALL COUNTS OF THE COMPLAINT

7.    In or around the year 1999, the Plaintiff, CML, was retained to prepare engineering surveys, plans and technical drawings of original authorship in connection with the multi-unit residential real estate project in Bolingbrook, Illinois, then known as Cypress Creek I.

8.    In connection with that project, CML, by and through its duly authorized agents and/or employees, conducted site inspections and surveys and developed engineering design diagrams and plans of original authorship. From December of 1999 to November of 2003, the Plaintiff, by and through its duly authorized agents and/or employees in the course of employment, completed these plans under its internal recording numbers, 99-287 and 02-211, titled "Proposed Site Improvements." Included therein were General Notes, the Master Geometric Plan, the Master Utility Plan, the north and south Grading Plans and the Erosion Control Plan. As of the filing of this complaint, the copyrights in the entirety of the 99-287 and 02-211 drawings and related materials have been registered effective November 16, 2009 under Registration Number VAu 1-008-674 with the United

States Copyright Office. Separately, the copyrights to the entirety of 02-211 drawings and related materials have been submitted to the U.S. Copyright Office for Registration, said application for registration pending under S.R.#1-423680681.

9.      On or about June 18, 2008, without the knowledge of CML, the Defendant, Michael Cook, while still an employee of CML, registered CEG as a Professional Corporation with the Secretary of State of Illinois.

10.     The entirety of materials of original authorship included within 99-287 and 02-211 were prepared by agents and/or employees of CML, including the Defendant, Michael Cook, in the course of employment and are works-for-hire, the copyrights to which, including derivative works thereof, are owned by CML.

11.     At some point after these materials of original authorship were created, the Cypress Creek I project stalled and was dormant for several years. At some time prior to February 26, 2009, the Defendant, Kiley Capital, became engaged as Developer for the project, renamed "McKenzie Falls." On February 26, 2009, and again on May 8, 2009, the Defendant, Kiley Capital, then entered into written contracts with CML for civil engineering services in connection with the McKenzie Falls project, f/k/a Cypress Creek I.

12.     At all times thereafter, CML had a reasonable expectation that the existing contractual and prospective business relationship between CML and Kiley Capital would exist until completion of the project.

13.     As part of the work under the above referenced May 8, 2009, contract between CML and Kiley Capital, CML, by and through its duly authorized agents

and/or employees, completed engineering drawings and plans for the project maintained under its internal recording number 09-115. Included therein were a Basin Modification drawing and other preliminary engineering designs. As of the filing of this complaint, the copyrights in the entirety of drawings and related materials have been registered effective November 16, 2009 under Registration Number VAu 1-008-674 with the United States Copyright Office

14.     During the period following June 18, 2008, for approximately 1 year and 4 months until approximately October 8, 2009, without the knowledge and/or authority of CML, the Defendant, Michael Cook, individually or as the duly authorized corporate officer, agent and/or employee of the Defendant, CEG, copied and retained numerous materials of original authorship of CML related to the McKenzie Falls f/k/a Cypress Creek I project, including, but not limited to, the entirety of the materials contained in 99-287, 02-211 and 09-115 referenced above. The Defendant did so despite acknowledging in writing on September 14, 1998, the clear policy in the Plaintiff's HR manual that all work is considered proprietary, and that no employee is permitted to copy any material without written permission from CML.

15.     Furthermore, after a reasonable opportunity for further investigation or discovery, there is likely to be evidentiary support that after June 18, 2008, the Defendant, Michael Cook, individually or as the duly authorized corporate officer, agent and/or employee of the Defendant, CEG, contacted and/or communicated with agents and/or employees of parties to existing contracts with CML, including but

not limited to agents and/or employees of Kiley Capital and Sexton Company, in interference with CML's valid existing and reasonably expected business relationships.

16. At the time of such contact and/or communication, CML had reasonable expectations of continued and prospective economic advantage and opportunities with these parties to existing contracts, including but not limited to both Kiley Capital and Sexton Company.

17. On or about October 8, 2009, the Defendant, Michael Cook, resigned his employment with CML. At such time or thereafter, he made and/or retained possession of copies of original works of authorship owned by CML, including but not limited to original works of authorship related to the McKenzie Falls f/k/a Cypress Creek I project referenced above.

18. Thereafter, the Defendant, CEG, entered into contracts with the Defendant, Kiley Capital, through non-privileged interference with the Plaintiff's, CML, prospective economic opportunity with Kiley Capital, including but not limited to through the advantage of using CML owned drawings as base drawings for ongoing project work. In fact, after Cook's resignation from employment with CML, CML communicated with Kiley Capital to furnish a proposal for the remaining engineering work to be done on the project, including the Final Engineering Plans, but Kiley Capital refused to accept any proposal because the work was already contracted to CEG due to CEG already being project ready.

19. On and after November 16, 2009, the Defendant, Michael Cook,

individually and as corporate officer, agent and/or employee of CEG, copied original works of authorship and/or created derivative works thereof, including but not limited to original electronic and/or digital data from CML's "AutoCad" files, which works are owned by CML, without permission or authority of CML, and/or he was provided copies of original works of authorship of CML by duly authorized agents and/or employees of Kiley Capital, without permission or authority of CML.

20.     On numerous times thereafter, between November 16, 2009 to the present date, said copies, and derivative works thereof, have been used and/or distributed in commerce by the Defendant, Michael Cook, individually and/or as corporate officer, agent and/or employee of CEG, with knowledge and consent of and/or through the assistance of the Defendant, Kiley Capital, in connection with the Bolingbrook municipal review of the project for compliance with local, state and federal laws and contractual obligations, and other as-yet to be determined purposes, on multiple occasions.

21.     Of particularity to the materials in 02-211, on April 7, 2010, the Defendant, Michael Cook, individually and/or as corporate officer, agent and/or employee of CEG, with knowledge and/or through the assistance of the Defendant, Kiley Capital, used copies of Drawings 11 and 12 of the 02-211 materials bearing the Plaintiff's Trademark stylized design "CML", being the North and South Grading Plans, and submitted the same (being the tangible copies of the works bearing the mark, and therefore tangible goods) to the Village of Bolingbrook under the false designation of origin of the tangible goods as being "prepared by Cook

Engineering," without permission, license or legal authority of the Plaintiff, CML.

## COUNT I
### 17 U.S.C. §§106 AND 501 - COPYRIGHT INFRINGEMENT
### COOK AND KILEY

22.     Plaintiff incorporates herein by reference ¶¶1 through 21, above, as if fully set forth herein.

23.     As set forth above, the Defendants, Michael Cook, individually and/or as corporate officer, agent and/or employee of Cook Engineering Group, P.C., copied and distributed in commerce original works of authorship, and derivative works thereof, owned by the Plaintiff, C.M. Lavoie & Associates, Inc., within which original and derivative works the Plaintiff enjoys the rights and protections of 17 U.S.C. §§106 and 501, and did so without permission, license or legal authority granted by the Plaintiff.

24.     Furthermore, as set forth above, the Defendant, Kiley Development LLC, d/b/a Kiley Capital, LLC, contributed to and facilitated the above described infringing activity.

25.     Defendants' acts of infringement (and contributory activity) were done with knowledge that the acts constituted an infringement of the Plaintiff's exclusive rights, and are therefore willful.

WHEREFORE, the Plaintiff, C.M. Lavoie & Associates, Inc., respectfully prays this Honorable Court to enter judgment against the Defendants, Michael Cook, Cook Engineering, P.C., and Kiley Development LLC, and to find that the Defendants are and have engaged in ongoing infringement of the Plaintiff's

exclusive copyright rights in a willful manner, and for the following relief:

    A.    Permanently enjoin the Defendants from infringing the Plaintiff's copyright rights and interests pursuant to 17 U.S.C. §502(a);

    B.    An accounting of all revenues and/or earnings related to unauthorized copying and/or distribution by Defendants of any works of original authorship in which the Plaintiff has a copyright;

    C.    An award of damages at the election of the Plaintiff pursuant to 17 U.S.C. §504(a);

    D.    Impoundment, removal and/or destruction of infringing copies and/or distributions pursuant to 17 U.S.C. §503, including an order of cessation of all McKenzie Falls project activities related to such infringements; and

    E.    An award of costs and reasonable attorneys' fees pursuant to 17 U.S.C. §505.

### COUNT II
#### §43(A) LANHAM ACT VIOLATION
#### COOK AND KILEY

26.    Plaintiff incorporates herein by reference ¶¶1 through 21, above, as if fully set forth herein.

27.    As set forth above, the Defendants, Michael Cook, individually and/or as corporate officer, agent and/or employee of Cook Engineering Group, P.C., falsely designated the tangible goods of the Plaintiff, being Drawings 11 and 12 of CML job 02-211, as having been prepared by said Defendants, in such a manner as to likely

cause confusion as to the origin of the goods, in violation of 15 U.S.C. §1125(a)(1).

28.    Furthermore, as set forth above, the Defendants, Michael Cook, individually and/or as corporate officer, agent and/or employee of Cook Engineering Group, P.C., used the Plaintiff's Trademark stylized design "CML" in commerce on the above described drawings designated as being prepared by said Defendants in such as manner as to likely cause confusion as to the origin of the goods, in violation of 15 U.S.C. §1125(a)(1).

29.    Prior to April of 2010, the Plaintiff, C.M. Lavoie & Associates, Inc., had used continuously the stylized "CML" design mark in commerce such that said mark had become distinctive and famous in the locale and industry.

30.    Furthermore, as set forth above, the Defendant, Kiley Development LLC, d/b/a Kiley Capital, LLC, contributed to and facilitated the above described infringing activities.

31.    Defendants' acts of infringement (and contributory activity) were done with knowledge that the acts constituted an infringement of the Plaintiff's exclusive rights, and are therefore willful.

WHEREFORE, the Plaintiff, C.M. Lavoie & Associates, Inc., respectfully prays this Honorable Court to enter judgment against the Defendants, Michael Cook, Cook Engineering, P.C., and Kiley Development LLC, and to find that the Defendants are and have engaged in ongoing infringement of the Plaintiff's exclusive rights in a willful manner, and for the following relief:

A.    Permanently enjoin the Defendants from infringing the

Plaintiff's rights and interests pursuant to 15 U.S.C. §1116;

B.      Compensatory and Punitive Damages for the Infringing

Activity; and

C.      An award of reasonable attorneys' fees.

### COUNT III
### STATE LAW CLAIM - TORTIOUS INTERFERENCE /
### UNFAIR COMPETITION
### COOK

32.      Plaintiff incorporates herein by reference ¶¶1 through 21, above, as if
fully set forth herein.

33.      At all times relevant herein after October 8, 2009, the Plaintiff, C.M.
Lavoie & Associates, Inc., had a valid and existing business relationship, and a
reasonable expectation of prospective business advantage and opportunity with, the
Defendant, Kiley Development LLC, d/b/a Kiley Capital, LLC, and Sexton
Company, among others.

34.      The Defendants, Michael Cook, individually and/or as corporate officer,
agent and/or employee of Cook Engineering Group, P.C., had actual knowledge of
said relationships and expectancy.

35.      Without lawful basis or privilege to do so, the Defendants, Michael
Cook, individually and/or as corporate officer, agent and/or employee of Cook
Engineering Group, P.C., purposefully and intentionally interfered with the
Plaintiff's valid existing and prospective business opportunities and advantages,
which interference proximately caused the termination of the Plaintiff's business

relationships with the Defendant, Kiley Development LLC, d/b/a Kiley Capital, LLC, and Sexton Company, among others.

36.    As a proximate result of the non-privileged, purposeful and intentional interference of the Defendants, Michael Cook, individually and/or as corporate officer, agent and/or employee of Cook Engineering Group, P.C., with the Plaintiff's valid existing and prospective business opportunities and advantages, the Plaintiff has suffered and will in the future continue to suffer damages in the form of lost good-will, business opportunities, earnings and profits.

WHEREFORE, the Plaintiff, C.M. Lavoie & Associates, Inc., respectfully prays this Honorable Court to enter judgment in its favor and against the Defendants, Michael Cook and Cook Engineering Group, P.C., jointly and severally, for compensatory and punitive damages in a sum in excess of $100,000.00, plus the costs of this suit.

### COUNT IV
### SLANDER ON TITLE
### COOK AND KILEY

37.    Plaintiff incorporates by reference herein ¶¶1 through 21 as if fully set forth herein.

38.    As set forth above, on or about April 7, 2010, the Defendants, Michael Cook, individually and/or as corporate officer, agent and/or employee of Cook Engineering Group, P.C., and/or as the duly authorized agent of the Defendant, Kiley Development LLC, d/b/a Kiley Capital, LLC, purposefully and maliciously published a false written claim that Drawings 11 and 12 of CML job 02-211 were

"prepared by Cook Engineering," disparaging the Plaintiff's title and ownership in said drawings.

39.    As a proximate result of the purposeful  and malicious misconduct of the Defendants, Michael Cook, individually and/or as corporate officer, agent and/or employee of Cook Engineering Group, P.C., and/or as the duly authorized agent of the Defendant, Kiley Development LLC, d/b/a Kiley Capital, LLC, the Plaintiff, C.M. Lavoie, Inc., has suffered special damages, including but not limited to lost profits, damage to good-will and fees and costs.

WHEREFORE, the Plaintiff, C.M. Lavoie & Associates, Inc., respectfully prays this Honorable Court to enter judgment in its favor and against the Defendants, Michael Cook, Cook Engineering Group, P.C., and Kiley Development LLC, d/b/a Kiley Capital, LLC, jointly and severally, for compensatory and punitive damages in a sum in excess of $100,000.00, plus the costs of this suit.

COUNT V
ILLINOIS STATUTORY CLAIM - TRADE SECRETS ACT VIOLATION
COOK

40.    Plaintiff incorporates by reference herein ¶¶1 through 21 as if fully set forth herein.

41.    At all times relevant herein, the original works of authorship copied by the Defendants, Michael Cook, individually and/or as corporate officer, agent and/or employee of Cook Engineering Group, P.C., were compiled and created with a signature "AutoCad" layering method and pattern that is unique and proprietary to the Plaintiff, C.M. Lavoie & Associates, Inc.

42. At all times relevant hereto, the Plaintiff took measures to keep its "AutoCad" layering system secret and confidential, including but not limited to a written policy applicable to all employees forbidding revealing any Company trade secret.

43. The Plaintiff's, C.M. Lavoie & Associates, Inc., signature "AutoCad" layering is a technical pattern and method of drawing that constitutes a Trade Secret under Illinois Law. 765 ILCS 1065/2(d).

44. The Defendants, Michael Cook, individually and/or as corporate officer, agent and/or employee of Cook Engineering Group, P.C., acquired control over the Plaintiff's Trade Secret through improper means and used and disclosed all or a portion of the Trade Secret through publication without the express or implied consent of the Plaintiff, so as to misappropriate it.

45. As a proximate result of the illegal and improper misappropriation of the Plaintiff's Trade Secret, the Defendants, Michael Cook, individually and/or as corporate officer, agent and/or employee of Cook Engineering Group, P.C., have cause the Plaintiff damages.

WHEREFORE, the Plaintiff, C.M. Lavoie & Associates, Inc., respectfully prays this Honorable Court to enter judgment in its favor and against the Defendants, Michael Cook and Cook Engineering Group, P.C., jointly and severally, in the form of damages pursuant to 765 ILCS 1065/4, including actual losses, the Defendants' unjust enrichment and the doubling of the damages per subpar. (b), and for an order permanently enjoining the Defendants' use of the information

pursuant to 765 ILCS 1065/3(a) and a mandatory injunction directing the Defendants to impound and turn over all protected "AutoCad" files, including an order directing the destruction / erasure of all of Defendants' related paper, electronic and/or digital data pursuant to 765 ILCS 1065/3(c).

COUNT VI
STATE LAW CLAIM - CONVERSION
COOK

46.     Plaintiff incorporates by reference herein ¶¶1 through 21 as if fully set forth herein.

47.     At all times relevant hereto, the Plaintiff, C.M. Lavoie & Associates, Inc., had a right to all original documents, including paper and electronic files and copies thereof, and all tangible and intangible rights to drawings and layering methods in its "AutoCad" files and engineering drawings therein.

48.     At all times relevant hereto, the Plaintiff, C.M. Lavoie & Associates, Inc., has had an absolute right to the immediate possession of said property.

49.     On or about October 6, 2009, the Plaintiff, C.M. Lavoie & Associates, Inc., demanded for possession of all such property to the Defendant, Michael Cook.

50.     The Defendants, Michael Cook, individually and/or as corporate officer, agent and/or employee of Cook Engineering Group, P.C., wrongfully and without authorization assumed control, dominion and/or ownership over the property.

WHEREFORE, the Plaintiff, C.M. Lavoie & Associates, Inc., respectfully prays this Honorable Court to enter judgment in its favor and against the Defendants, Michael Cook and Cook Engineering Group, P.C., jointly and severally,

for compensatory and punitive damages in a sum in excess of $100,000.00, plus the costs of this suit.

COUNT VII
STATE LAW CLAIM - BREACH OF CONTRACT
KILEY

51.     Plaintiff incorporates by reference herein ¶¶1 through 21 as if fully set forth herein.

52.     The aforementioned contract of February 26, 2009 between the Plaintiff, C.M. Lavoie & Associates, Inc., and the Defendant, Kiley Development LLC, d/b/a Kiley Capital, LLC, provided for the Plaintiff to conduct research for and to perform an ALTA/ACSM Land Title Survey for the subject parcel of the McKenzie Falls f/k/a Cypress Creek I project. Among the agreed upon terms and conditions of this contract were that the survey could only be used by the Defendant as part of the application process to the Illinois Development and Housing Authority, and further that the Defendant acknowledged and agreed that the contract drawings constituted an instrument of professional service that shall not be reused or modified without the prior written authorization by the Plaintiff.

53.     At some point in time prior to April 7, 2010, the Defendant, Kiley Development LLC, d/b/a Kiley Capital, LLC, provided the aforementioned survey to the Defendant, Michael Cook, individually and/or as corporate officer, agent and/or employee of Cook Engineering Group, P.C., for reuse and modification by Michael Cook, individually and/or as corporate officer, agent and/or employee of Cook Engineering Group, P.C., in connection with creation and preparation of the Final

Engineering Plans and submittals to the Village of Bolingbrook. This was done without the prior written authorization by the Plaintiff.

54.    As a result of the facts set forth above, the Defendant, Kiley Development LLC, d/b/a Kiley Capital, LLC, breached the contract with the Plaintiff, as a result of which the Plaintiff has sustained damages.

WHEREFORE, the Plaintiff, C.M. Lavoie & Associates, Inc., respectfully prays this Honorable Court to enter judgment in its favor and against the Defendant, Kiley Development LLC, d/b/a Kiley Capital, LLC, in a sum in excess of $50,000.00, plus the costs of this suit.

COUNT VIII
STATE LAW CLAIM - INDEMNITY
KILEY

55.    Plaintiff incorporates by reference herein ¶¶1 through 54 as if fully set forth herein.

56.    The aforementioned contract of February 26, 2009 between the Plaintiff, C.M. Lavoie & Associates, Inc., and the Defendant, Kiley Development LLC, d/b/a Kiley Capital, LLC, provided that said Defendant agrees to indemnify the Plaintiff from any cost, including reasonable attorney's fees, arising or allegedly arising out of any unauthorized reuse or modification of the contract drawings from or through said Defendant.

57.    The above described reuse and modification by the Defendant, Michael Cook, individually and/or as corporate officer, agent and/or employee of Cook

Engineering Group, P.C., was done from or through the Defendant, Kiley

Development LLC, d/b/a Kiley Capital, LLC.

58.    The Plaintiff has and will continue in the future to incur costs,

including reasonable attorney's fees, arising from the unauthorized reuse and

modification of the contract drawings.

WHEREFORE, the Plaintiff, C.M. Lavoie & Associates, Inc., respectfully

prays this Honorable Court to enter judgment in favor of the Plaintiff and against

the Defendant, Kiley Development LLC, d/b/a Kiley Capital, LLC, for all costs,

including reasonable attorney's fees, arising out of the unauthorized reuse and/or

modification of the Plaintiff's contractual drawings.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

Respectfully submitted by:

By: s/ Patrick L. Provenzale
Patrick L. Provenzale, #6225879
EklWilliams LLC
901 Warrenville Road, Suite 175
Lisle, IL 60532
(630) 654-0045
(630) 654-0150 *Facsimile*
pprovenzale@eklwilliams.com
*Attorneys for Plaintiff*

## Unsworn Declaration Pursuant to 28 U.S.C. §1746

I, Christopher M. Lavoie, under penalty of perjury under the laws of the United States of America, do hereby attest, declare, verify and certify that the facts alleged in the complaint in this matter are true and correct to the best of my knowledge, unless otherwise alleged as upon information or belief, in which case I verily believe such facts to be true.

Executed this **21st** day of **July, 2010.**

_____
Christopher M.  Lavoie, Declarant